The Honorable Denny Sumpter State Representative 208 E. Danner Avenue West Memphis, AR 72301-3128
Dear Representative Sumpter:
You have presented the following question for my opinion:
 What is the legal definition of the term "prepared food," as used in A.C.A. § 26-75-602(c)(2)?
RESPONSE
I am unable to answer your question. However, I will provide you with the available guidelines for determining whether an item constitutes "prepared food."
The statutory provision to which your question refers appears in the Advertising and Promotion Commission Act, A.C.A. § 26-75-601et seq. The provision you have referenced states:
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
* * *
 (2) The portion of the gross receipts or gross proceeds received by restaurants, cafes, cafeterias, delicatessens, drive-in restaurants, carry-out restaurants, concession stands, convenience stores, grocery store-restaurants, and similar businesses as shall be defined in the levying ordinance from the sale of prepared food and beverages for on or off-premises consumption, but such tax shall not apply to such gross receipts or gross proceeds of organizations qualified under section 501 (c)(3) of the federal Internal Revenue Code.
A.C.A. § 26-75-602(c)(2) (emphasis added).
The Act does not define the term "prepared food," as used in the section quoted above, nor has the Arkansas Supreme Court interpreted the term. When the Arkansas appellate courts have been called upon to construe undefined statutory language, they have applied the basic rule of statutory construction, which is to give effect to the intent of the legislature, as determined by the ordinary meaning of the language in question (if unambiguous). See, e.g., Cummings v. State, CR 03-9 79, S.W.3d 273 (Ark. 6-12-2003); Southwestern Bell Mobile v. P.S.C.,73 Ark. App. 222, 40 S.W.3d 838 (2001); Sebastian County Chap., Am. RedCross v. Weatherford, 311 Ark. 656, 846 S.W.2d 641
(1993).
One of my predecessors applied the foregoing guidelines to interpret the phrase "prepared food," as used in a previous version of A.C.A. §26-75-602(c)(2). See Op. Att'y Gen. No. 88-121. In doing so, he looked to the dictionary definitions of the terms "prepare" and "prepared," as well as to the context in which the terms were used. He concluded that focus should be placed on the type of business in question, and whether that business appeared to fall within the types of businesses targeted by the Act. As my predecessor pointed out, the question of whether a particular business is deemed to sell "prepared food" is a determination that must be made on a case-by-case basis. Id.
When I take my predecessor's approach to analyzing your question, as applied to the term "prepared food" (as used in the current version of A.C.A. § 26-75-602(c)(2)), I begin by looking to the dictionary definitions of the key terms. The current dictionary definition of the term "prepare" is: "To make ready beforehand for some purpose, use, or activity." Merriam-Webster Online Dictionary. The dictionary definition of the term "prepared" is: "Subjected to a special process or treatment."Id. Thus, it can be concluded generally that the ordinary meaning of the term "prepared food" appears to envision food that has previously been made ready for consumption. The question of whether a particular food item fits that meaning must, as indicated, be determined on a case-by-case basis. Likewise, the question of whether a particular business selling that item appears to fall within the types of businesses targeted by the Act must be determined on a case-by-case basis.
I note that the Attorney General, as a member of the executive branch of government, is not authorized to supply a statutory definition in instances in which the General Assembly has not done so. Therefore, in the absence of further clarification of this matter by the legislature, or judicial interpretation of the statutory language in question, the foregoing discussion is the only guidance I am able to provide.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General